UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

BENJAMIN RICHARDSON,

Plaintiff,

-against-

WESTCHESTER COUNTY, WESTCHESTER COUNTY
DEPARTMENT OF CORRECTION, COMMISSIONER
JOSEPH K. SPANO, CAPTAIN JOHN DOE 1, CORRECT
CARE SOLUTIONS, LLC and NURSE KARA BROWN,

Defendants.

--------------------------------------------------------------------------------X

## COMPLAINT
**Plaintiff Demands
A Trial By Jury**

Plaintiff, by DEVON M. RADLIN, his attorney, respectfully alleges as follows:

### *PRELIMINARY STATEMENT*

1.     This action is brought for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### *JURISDICTION*

2.     This action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

4.     Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under New York State Law.

### *VENUE*

5.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

### *JURY DEMAND*

6.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

### *PARTIES*

7.      Plaintiff, ***BENJAMIN RICHARDSON (RICHARDSON),*** is and was at all times herein mentioned, a citizen and a resident of the State of New York.

8.      The ***WESTCHESTER COUNTY (WC)*** is a municipal agency duly organized and existing under and by virtue of the laws of the State of New York.

9.      That at all times herein mentioned, Defendant ***WC*** was under the supervision of the State of New York.

10.     The ***WESTCHESTER COUNTY DEPARTMENT OF CORRECTION (DOC)*** is a municipal agency duly organized and existing under and by virtue of the laws of the State of New York

11.     That at all times herein mentioned, ***DOC*** is and was under the supervision and control of the State of New York and defendant ***WC.***

12.     That at all the times herein mentioned, plaintiff ***RICHARDSON*** was incarcerated and housed in defendant ***DOC*** located at 10 Wood Road, Valhalla, New York.

13.     The defendant ***COMMISSIONER JOSEPH K. SPANO (COMMISSIONER),*** was and still is employed by the defendants, ***WC*** and ***DOC,*** jointly and severally, as the Commissioner of defendant ***DOC.***

14.    The defendant *CAPTAIN JOHN DOE 1 (CAPTAIN JD1)*, was and still is employed by the defendants, *WC* and *DOC*, jointly and severally, as a Captain of defendant *DOC*.

15.    The defendant, *CORRECT CARE SOLUTIONS, LLC (CCS)*, was and still is a foreign limited liability company organized under the Laws of the State of Kansas.

16.    Defendant *CCS* was employed by defendants *WC, DOC* and *COMMISSIONER,* jointly and severally, to provide medical services to the inmates of *DOC.*

17.    That at all times herein mentioned, defendant, *NURSE KARA BROWN (BROWN)*, employed by the defendants *WC, DOC, COMMISSIONER* and *CCS,* jointly and severally, in the capacity of Nurse, was acting in such capacity as an agent, servant and employee of the defendants *WC, DOC, COMMISSIONER* and *CCS,* jointly and severally, she is sued individually and in her official capacity.

18.    That at all the times herein mentioned, defendant *BROWN,* was acting under color of state law and under her authority as a nurse for the defendants, *WC, DOC, COMMISSIONER* and *CCS,* jointly and severally,

19.    That at all times herein mentioned, defendant *COMMISSIONER,* employed by defendants, *WC* and *DOC*, in the capacity of Commissioner, was acting in such capacity as an agent, servant and employee of the defendants, *WC* and *DOC*, jointly and severally, and acted under the color of state law and he is sued individually and in his official and supervisory capacity.

20.    That at all times herein mentioned, defendant *COMMISSIONER* is the Commissioner of defendant *DOC* and as such, he is the commanding officer of all defendant *DOC* Correctional personnel, and is responsible for their training, supervision and conduct. He

3

has responsibility within defendant *DOC* for overseeing the day-to-day operations of defendant *DOC* and is responsible for ensuring that inmates incarcerated in defendant *DOC* are protected from rape, sexual assault, sexual harassment and other violence and that correctional personnel adhere to Federal and State law, as well as official defendant *DOC* policies.

21.    That at all times herein mentioned, defendant *COMMISSIONER* is the Commissioner of defendant *DOC* and as such, he is the commanding officer of all defendant *CCS* medical staff assigned at defendant *DOC.* Defendant *COMMISSIONER* is responsible for their training, supervision and conduct of defendant *CCS* medical staff assigned at defendant *DOC.* He has responsibility within defendants *CCS* and *DOC,* jointly and severally, for overseeing the day-to-day operations of defendant *DOC* and is responsible for ensuring that inmates incarcerated in defendant *DOC* are protected from rape, sexual assault, sexual harassment and other violence by defendant *CCS* medical staff and to ensure that defendant *CCS* medical staff adhere to Federal and State law, as well as official defendant *DOC* policies.

22.    That at all the times herein mentioned, defendant *COMMISSIONER,* was acting under color of state law and under his authority as Commissioner for the defendants, *WC* and *DOC,* jointly and severally,

23.    That at all times herein mentioned, defendant *CAPTAIN JD1,* employed by defendants, *WC* and *DOC,* in the capacity of Captain, was acting in such capacity as an agent, servant and employee of the defendants, *WC* and *DOC,* jointly and severally, and acted under the color of state law and he is sued individually and in his official and supervisory capacity.

24.    That at all times herein mentioned, defendant *CAPTAIN JD1,* was acting under color of state law and under his authority as Captain for the defendants, *WC* and *DOC,* jointly and severally,

4

25.     Defendants, *WC, DOC, COMMISSIONER, CAPTAIN JD1* and *CCS,* jointly and severally, are responsible for overseeing, *inter alia,* the Security Operations Department and thus are aware of the dangers facing inmates, specifically with female nurses in correctional facilities with male inmates, and thus are aware of the serious incidents involving inmates with medical staffing and operations, policies and procedures and compliance.

26.     That at all times herein mentioned, the defendant *COMMISSIONER* was responsible for making and enforcing the policies of defendant *DOC* and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the County of Westchester and State of New York. Defendant *DOC*, through its senior officials, promulgates and implements policies, including but not limited to policies with respect to the use, reporting and investigation of force or abuse by uniformed and medical staff, the rights and privileges of visitors of defendant *DOC* facilities, and the rights of inmates. The practice of using unconstitutional force, rape and sexually assaulting and harassing inmates at defendant *DOC* facilities, and of covering up that unconstitutional force, rape and sexual assault and harassment by fabricating false charges against the victims, at all relevant times was known to and perpetuated, permitted, encouraged and institutionalized by defendant *DOC,* their supervisors, including high-ranking defendant *DOC* personnel. Because of the practice of using unconstitutional force, rape, sexual assault, sexual harassment and making false charges against victims, and of discriminating against inmates, has been widespread, longstanding, and deeply embedded in defendant *DOC* culture, it constitutes an unwritten municipal policy or custom of the defendants', jointly and severally. The defendants, *WC* and *DOC,* jointly and severally, are responsible for the appointment, training, supervision and conduct of all defendant *DOC* personnel, including the individual named Defendant, defendant *BROWN.*

5

27.    Defendants *WC, COMMISSIONER, DOC, CAPTAIN JD1* and *CCS,* jointly and severally, were aware and had actual notice of defendant *BROWN's* dangerous propensities to commit sex crimes and assaults against male inmates.

## PEOPLE IN WESTCHESTER COUNTY CUSTODY

28.    At all times herein mentioned, Defendants, jointly and severally, were aware that inmates, like Plaintiff, are vulnerable to sexual abuse, rape, sexual harassment and other violence while incarcerated in defendant *DOC* facilities and that there is a heightened risk that they will be sexually or physically assaulted.

29.    At all times herein mentioned, Defendants, jointly and severally, were aware of the Prison Rape Elimination Act (**PREA**).

30.    As part of **PREA**, Congress established the bipartisan National Prison Rape Elimination Commission (**NPREC**) to investigate the problem of sexual abuse of persons in government custody and to propose standards to eliminate such sexual abuse. Those final standards became effective June 20, 2012 being published in the Federal Register (28 C.F.R. Part 115).

31.    **NPREC** released a report and recommended national standards, finding the following: "Sexual abuse is not an inevitable feature of incarceration. Leadership matters because corrections administrators can create a culture within facilities that promotes safety instead of one that tolerates abuse...Research on sexual abuse in correctional facilities consistently documents the vulnerability of men and women with non-heterosexual orientations and transgender individuals... full adoption of the PREA Standards by all of the nation's prisons and jails is necessary to achieve the elimination of sexual abuse in confinement facilities."

32.     At all times herein mentioned, defendants were aware that inmates are vulnerable because the information is readily available on the internet, newspapers, magazines, books, movies, television and radio, correctional education courses and in publications of various Correctional Associations; including but not limited to, the Department of Justice, the National Institute of Corrections and the American Jail Association.

## PATTERN, POLICY AND PRACTICE OF RAPE, SEXUAL ABUSE AND HARASSMENT OF INMATES IN THE CUSTODY OF WESTCHESTER COUNTYS CORRECTIONAL SYSTEM

33.     For the past two (2) decades the defendants, *WC* and *DOC,* jointly and severally, its senior supervisors, correction officers and medical staff, jointly and severally, have been repeatedly litigated against for implementing and condoning excessive force, rape, sexual abuse and sexual harassment at their defendant *DOC* facilities, failing to investigate those violations, covering up those violations and bringing false charges against the victims in an effort to mask the misconduct of the medical staff involved in this unconstitutional conduct.

34.     Inmates are targets for rape, sexual harassment, sexual and physical abuse inside of the Westchester County's correctional system.

35.     The violence, deprivation of civil rights and cover-up that occurred in this case are not isolated events.

36.     These violations are a manifestation of a pattern and practice of misconduct of which Westchester County's policymakers have had actual and constructive notice and yet there has not been any implemented practices and policies to avoid these violations.

37.     Through defendant *DOC* elaborate reporting system, the Commissioner and their staff were aware of a pattern of a large number of incidents involving rape, sexual harassment

and sexual abuse of inmates, resulting in serious psychological and physical injuries to inmates and failed to take sufficient and necessary steps and intervention to curb these abuses.

38.    Defendants **WC, DOC** and **COMISSIONER,** jointly and severally, their staff have also been made aware of the failure of the defendant **DOC** to bring disciplinary charges against its correction officers and medical staff to promote institutional reform, punish staff who abuse inmates, and discourage others from doing so.

39.    Though all these cases and defendant **DOC** reports, the defendant **COMMISSIONER** and their staff have been made aware of the widespread practice by correctional staff and medical staff to sexually harass, rape, abuse and assault inmates. They have also been made aware of the failures of the defendant **DOC** Investigation Division to adequately investigate allegations of sexual harassment, rape, abuse and assault, a practice that causes further abuse.

40.    The defendant **COMMISSIONER** and their staff cannot credibly contend that they are unaware of such abuse that occurs with regularity in the defendant **WC** correctional system and the failure of the defendants, **WC** and **DOC,** jointly and severally, to take sufficient measures to investigate and discipline correctional and medical staff for this abuse.

41.    There is a pattern, practice and policy pursuant within the defendant **DOC** to which inmates are sexually assaulted, raped and harassed when in the custody and control of defendant **DOC.**

## **FACTS**

42.    From August 2017 to October 13, 2017, Plaintiff was incarcerated at the correctional facility known as Westchester County Jail, also known as defendant **DOC,** located at 10 Wood Road, Valhalla, New York 10595.

8

43.    From August 2017 to October 13, 2017, defendant **BROWN** was assigned to the Medical Post on the 2nd Floor of the new construction side of defendant **DOC** as a medical Nurse to provide medical services to inmates.

44.    From August 2017 to October 13, 2017, defendant **CAPTAIN JD1** was assigned to the supervise correctional and medical staff and inmates on work detail, specifically porter(s), of defendant **DOC**.

45.    From August 2017 to October 13, 2017, plaintiff was a Porter for defendant **DOC**.

46.    From August 2017 to October 13, 2017, Defendant **BROWN** would seek out plaintiff while he was performing his porter duties.

47.    From August 2017 to October 13, 2017, Defendant **BROWN** ordered plaintiff to areas that were not subject to camera surveillance.

48.    From August 2017 to October 13, 2017, Defendant **BROWN,** while in areas that were not subject to camera surveillance, demanded Plaintiff perform oral sex on her, sexual intercourse and other sexual acts.

49.    Plaintiff continuously begged defendant **BROWN** to stop engaging with him and to leave him alone.

50.    Upon Plaintiffs refusal, defendant **BROWN** would threaten the life and safety of plaintiff by threatening to do the following: to tell defendant **DOC** correction personnel that he raped and/or sexually assaulted her; that no one would believe he was the victim; and to inform her powerful father that plaintiff raped and/or sexually assaulted her; in order to force Plaintiff to engage in sexual relations with her.

51.    Out of fear, Plaintiff complied with Defendant **BROWN's** demands.

52.     From August 2017 to October 13, 2017, Plaintiff was sexually harassed, assaulted and raped by defendant **BROWN.**

53.     From August 2017 to October 13, 2017, Plaintiff was in fear of his life and safety due to defendant **BROWN's** threats and sexual assaults.

54.     On October 13, 2017, during the daytime hours, while Plaintiff was performing his duties of Porter, specifically stripping the floors of the Staff Room of defendant **DOC**, Defendant **BROWN** entered the Staff Room, barricaded the Staff Room door from the inside and approached Plaintiff.

55.     Defendant **BROWN** demanded that he have sexual intercourse with her. Plaintiff refused.

56.     Defendant **BROWN** threatened Plaintiff and began to sexually assault him by touching his private parts and undressing herself.

57.     Plaintiff refused.

58.     Defendant **DOC** Sergeant FNU Deltresse (Sgt. Deltresse) began to knock on the Staff Room door.

59.     Sgt. Deltresse forced the Staff Room door open.

60.     Upon entering the Staff Room, Defendant **BROWN** had redressed herself.

61.     Sgt. Deltresse approached defendant **DOC** Correction Officer FNU Levi and demanded to know why defendant **BROWN** was alone with Plaintiff.

62.     Defendant **BROWN** returned to her medical post.

63.     Plaintiff remained fearful for his life and safety due to defendant **BROWN.**

64.     From August 2017 to October 13, 2017, Defendant **BROWN** raped Plaintiff twice and sexually assaulted him multiple times.

10

65.     From August 2017 to October 13, 2017, Defendant *CAPTAIN JD1* failed to properly supervise correctional and medical staff and inmates on work detail resulting in plaintiff being raped twice and sexually assaulted multiple times by defendant *BROWN.*

66.     Plaintiff later learned that defendant *BROWN* was terminated.

67.     After learning defendant *BROWN* was no longer at defendant *DOC,* Plaintiff felt safe to tell the truth as to the sexual assaults and rapes against him by defendant *BROWN.*

68.     Plaintiff wrote a letter to SIU about the sexual assaults and rape he endured due to defendant *BROWN.*

69.     Defendant *COMMISSIONER* failed to supervise and train his correction personnel to prevent the above violations against Plaintiff.

70.     Defendant *COMMISSIONER* failed to implement safety provisions to prevent the above violations against Plaintiff.

71.     From August 2017 to date, the sexual assaults, harassment, and rape against Plaintiff by Defendant *BROWN* has caused Plaintiff to suffer from sexual assault, rape, fear, anxiety, medication(s), depression and psychological and physical injuries.

72.     Defendants, *WC, DOC, CCS, COMMISSONER* and *CAPTAIN JD1,* jointly and severally, were on actual and constructive notice of the conduct described in the complaint was on going, persisted and continues to persist to date.

73.     The defendants, *WC, DOC, CCS, COMMISSIONER, CAPTAIN JD1* and *BROWN,* jointly and severally, committed the following acts:

a) Refused to aid and safeguard plaintiff from sexual assault and rape having been given actual and constructive notice of defendant *BROWN's* dangerous propensities to commit such crimes against male inmates.

11

b) Created and maintained an unsafe and dangerous environment for the plaintiff by permitting sexual assaults and rape against inmates.

c) Covered-up the actions of each other.

d) Knowingly, intentionally and maliciously harassed, taunted, intimidated and caused the plaintiff to be sexually assaulted and raped.

e) Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York, as well as, Federal and State case law.

f) The actions of the defendants **BROWN** constituted Cruel and Unusual Punishment in violation of plaintiff's Eighth (8th) Amendment Rights when the sole purpose of the defendant's actions was to harass, injure, humiliate and intimidate plaintiff.

g) The actions of each defendant were malicious and sadistic.

h) Failed to monitor said illegal activity in the jail, specifically sexual assault and rape against male inmates.

### FIRST CAUSE OF ACTION
*(Cruel and Unusual Punishment)*

74.    Plaintiff repeats and realleges each allegation contained in paragraphs numbered "1" through "73" of the complaint, as if the same were set forth more fully and at length herein.

75.    Defendant *BROWN* used and abused Plaintiff for her own personal and sexual gratifications and perverse goals.

12

76.     Defendant *BROWN* assaulted plaintiff in a sexual and aggressive manner, propositioned plaintiff into sexual encounters and threatened that she would press criminal charges against him, have him stay in prison forever, that no one would believe he was a "victim," make his life hell or keep him at **WC** if he didn't do as she ordered him.

77.     Defendant *BROWN* preyed on Plaintiff.

78.     Defendant *BROWN* had the intent to abuse plaintiff because she took measures to ensure that she would find Plaintiff secluded in areas of defendant *DOC* without surveillance cameras, threaten plaintiff if he did not comply with her sexual demands whenever defendant *BROWN* wished to engage in sexual contact with plaintiff.

79.     Defendant *BROWN's* actions with Plaintiff were open and obvious to defendant *DOC, COMMISSIONER, CAPTAIN JD1* and *WC* staff.

80.     Defendant *BROWN* raped and sexually assaulted Plaintiff continuously from August 2017 to October 13, 2017.

81.     Defendant *BROWN* had the intent to abuse Plaintiff because she took measures to ensure that plaintiff would comply with her demands and would demand Plaintiff to secluded areas of defendant *WC* to engage in sexual activity as she desired.

82.     Defendant *BROWN* was serious and served no penological, lawful, medical or governmental purpose and was done solely to gratify her perverse sexual desires and to dominate and abuse plaintiff with her powers as a penal medical provider.

83.     Defendant *BROWN's* conduct was "repugnant to the conscience of mankind" and caused plaintiff to suffer serious physical and psychological injuries.

84.     As a result of the above, Plaintiff's right to be free from cruel and unusual punishment under the Eighth (8th) Amendment was violated.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Fourth Amendment – Excessive Force and Unlawful Seizure)*

85.    Plaintiff repeats and realleges each allegation contained in paragraphs numbered "1" through "73" of the complaint, as if the same were set forth more fully and at length herein.

86.    Defendant *BROWN* used and abused Plaintiff for her own personal and sexual gratifications and perverse goals.

87.    Defendant *BROWN* assaulted plaintiff in a sexual and aggressive manner, propositioned plaintiff into sexual encounters and threatened that she would press criminal charges against him, have him stay in prison forever, that no one would believe he was a "victim," make his life hell or keep him at **WC** if he didn't do as she ordered him.

88.    Defendant *BROWN* preyed on Plaintiff.

89.    Defendant *BROWN* had the intent to abuse plaintiff because she took measures to ensure that she would find Plaintiff secluded in areas of defendant *DOC* without surveillance cameras, threaten plaintiff if he did not comply with her sexual demands whenever defendant *BROWN* wished to engage in sexual contact with plaintiff.

90.    Defendant *BROWN's* actions with Plaintiff were open and obvious to defendant *DOC, COMMISSIONER, CAPTAIN JD1* and *WC* staff.

91.    Defendant *BROWN* raped and sexually assaulted Plaintiff continuously from August 2017 to October 13, 2017.

92.    Defendant *BROWN* had the intent to abuse Plaintiff because she took measures to ensure that plaintiff would comply with her demands and would demand Plaintiff to secluded areas of defendant *WC* to engage in sexual activity as she desired.

93.     Defendant **BROWN's** actions were serious and served no penological, lawful, medical or governmental purpose and was done solely to gratify her perverse sexual desires and to dominate and abuse plaintiff with her powers as a penal medical provider.

94.     Defendant **BROWN's** conduct was "repugnant to the conscience of mankind" and caused plaintiff to suffer serious physical, psychological and emotional injuries.

95.     Plaintiff has been seriously traumatized from said abuse. Plaintiff has had difficulty sleeping, emotionally unbalanced and continues to have lack of trust in authoritative figures. These sexual assaults and rapes against Plaintiff have led to broken relationships, both current and for the future.

96.     As a result of the foregoing, Plaintiff's right to be free from excessive force and unreasonable seizure under the Fourth (4th) Amendment was violated, and he has suffered and continues to suffer from serious physical and psychological injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Intervene - §1983)*

97.     Plaintiff repeats and realleges each allegation set forth in paragraphs "1" through "73" of the complaint, as if the same were set forth more fully and at length herein.

98.     Defendants, **WC, DOC, COMMISSIONER, CAPTAIN JD1** and **CSS,** jointly and severally, observed and/or had reason to know that plaintiff's constitutional rights were being violated.

99.     Defendants, **WC, DOC, COMMISSIONER, CAPTAIN JD1** and **CSS,** jointly and severally, had a realistic opportunity to intervene to prevent harm from occurring, specifically the rapes and sexual assaults against plaintiff.

100.     Defendants, **WC, DOC, COMMISSIONER, CAPTAIN JD1** and **CSS,** jointly and

15

severally, violated their duty to intervene and to protect the constitutional rights of citizens, specifically plaintiff, from infringement by other employees in their presence.

101.     The above actions committed by defendants, jointly and severally, were a violation of plaintiff's civil rights and caused plaintiff to suffer serious permanent physical and psychological injuries.

### AS AND FOR A FOURTH CASE OF ACTION
*(Fourteenth Amendment – Substantive Due Process)*

102.     Plaintiff repeats and realleges each allegation contained in paragraphs numbered "1" through "73" of the complaint, as if the same were set forth more fully and at length herein.

103.     Defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of governmental enforcement as to be barred by the Fourteenth (14th) Amendment.   The   actions   by   Defendants,   specifically   Defendants   *WC,   DOC, COMMISSIONER, CAPTAIN JD1, CCS* and *BROWN,* jointly and severally, deprived plaintiff of his substantive Due Process rights under the Fourteenth Amendment.

104.     Plaintiff had a constitutionally protected right in his liberty interests and bodily integrity.

105.     Defendants' conduct deprived plaintiff of his dignity and stripped him of his liberty interest as afforded by the Due Process Clause of the Fourteenth (14th) Amendment.

106.     Plaintiff was fearful for his life and safety, psychologically traumatized due to the threats of defendant *BROWN.*

107.     Plaintiff was not able to consent to any of the actions against him due to his being an inmate.

108. Plaintiff was unable to restrain the conduct against him, specifically the actions of *BROWN.*

109. As a result of the foregoing, Plaintiff was deprived of his liberty interests and right to substantive due process, causing severe and permanent physical, psychological and emotional injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(Supervisory Liability)*

110. Plaintiff repeats, reiterates and realleges each allegation contained in paragraphs numbered "1" through "73" of the complaint, as if the same were set forth more fully and at length herein.

111. Defendants *WC, DOC, COMMISSIONER, CAPTAIN JD1* and *CCS* were supervisors and/or tour-commanders employed by defendant *WC* and *DOC,* jointly and severally, at all times alleged in the complaint. As such, these defendants were responsible for the supervision of defendant *BROWN* and other subordinates at defendant *WC, DOC* and *CCS.* Defendants *WC, DOC, CCS, COMMISSIONER* and *CAPTAIN JD1* jointly and severally, their employees, SIU Unit and other correctional staff, whose names and shield numbers are currently unknown to plaintiff, advised Plaintiff that he was, "a good looking guy," and that defendant *BROWN* was a "good looking girl," and that no one would believe him that Plaintiff didn't willingly participate referring to sexual contact between plaintiff and defendant *BROWN.* Defendants *WC, DOC, COMMISSIONER* and *CAPTAIN JD1,* jointly and severally, their employees, SIU Unit and other correctional staff also demanded a statement from Plaintiff that he would, "not be a witness against" defendant *BROWN.*

112. Defendants *WC, DOC, COMMISSIONER, CAPTAIN JD1 CCS* and *BROWN,*

17

jointly and severally, their employees, SIU Unit and other correctional staff, whose names and shield numbers are currently unknown to plaintiff, participated in violating plaintiff's constitutional rights by being deliberately indifferent to plaintiff's safety, well-being and welfare and by not preventing defendant *BROWN* from preying upon inmates like plaintiff who were being sexually violated by defendant *BROWN* and retaliated against him when he refused her advances.

113.    Defendants *WC, DOC, COMMISSIONER, CAPTAIN JD1* and *CCS*, jointly and severally, their employees, SIU Unit and other correctional staff, whose names and shield numbers are currently unknown to plaintiff, were aware of the serious nature of defendant *BROWN's* actions upon plaintiff but failed to take any corrective actions.

114.    Defendants *WC, DOC, COMMISSIONER, CAPTAIN JD 1* and *CCS*, jointly and severally, their employees, SIU Unit and other correctional staff, whose names and shield numbers are currently unknown to plaintiff, further failed to intervene and prevent the ongoing abuse and assault on plaintiff after becoming aware that plaintiff was being abused and exploited by defendant *BROWN*.    These supervisors were grossly negligent in supervising defendant *BROWN* and protecting plaintiff.

115.    Defendants *WC, DOC, COMMISSIONER, CAPTIAN JD1,* and *CCS*, jointly and severally, their employees, SIU Unit and other correctional staff, whose names and shield numbers are currently unknown to plaintiff, were further deliberately indifferent to plaintiff's welfare because they failed and refused to report defendant *BROWN's* prior misconduct and unlawful behavior or take any remedial steps, or preventive measures and as such were complicit in defendant *BROWN's* continued abuse of plaintiff thus prolonging and enhancing the injuries suffered by plaintiff.

116.   As a result of the foregoing, defendants, **WC, DOC, COMMISSIONER, CAPTAIN JD1** and **CCS**, jointly and severally, their employees, SIU Unit and other correctional staff, whose names and shield numbers are currently unknown to plaintiff, are liable under the theory of supervisory liability because their actions or lack thereof caused and continue to cause plaintiff constitutional injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Conspiracy §1985)

117.   Plaintiff repeats, reiterates and realleges each allegation contained in the paragraphs numbered "1" through "73" of the complaint, as if the same were set forth more fully and at length herein.

118.   Defendants, jointly and severally, targeted plaintiff and other inmates for the purpose of sexually abusing and exploiting them and in so doing the defendants conspired with each other to deprive plaintiff and others similarly situated of their civil rights under the laws.

119.   The individual defendants knew that plaintiff and others similarly situated were vulnerable while in the custody of defendant **WC** and **DOC** and that at such times they were susceptible to abuse by the defendants, specifically defendant **BROWN.**

120.   The individual defendants took advantage of plaintiff and others similarly situated by sexually abusing and/or assaulting them and threatening plaintiff that he would face further criminal charges and prison punishment if he did not comply with sexual demands and predatory acts.

121.   The individual defendants conspired with one another to hide and keep secret each other's misconduct and failed to take any corrective measures or to inform the proper

authorities. These defendants reached an explicit and implicit agreement between themselves and to sweep and keep the repugnant acts described herein "under the carpet."

122.    The individual defendants had a vested interest in the cover-up of their violations and the ensuing conspiracy because they were aware of and had engaged in unlawful conduct and it would subject them to perjury, prosecution, termination and disciplinary action.

123.    In addition, because of their rank, status and vested interests, the intra-corporate conspiracy doctrine of immunity is inapplicable to them.

124.    As a result, plaintiff suffered constitutional injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### *(First Amendment – Retaliation)*

125.    Plaintiff repeats and realleges each allegation contained in paragraphs numbered "1" through "73" of the complaint, as if the same were set forth more fully and at length herein.

126.    At the time of the incidents described in this Complaint, Plaintiff was an inmate.

127.    Plaintiff did not want to have sexual contact with defendant *BROWN.*

128.    Plaintiff told defendant *BROWN* that he did not want to engage in such conduct. Defendant *BROWN* would immediately threaten Plaintiff; including but not limited to, pressing criminal charges against him; that he would never leave prison; that she [defendant *BROWN*] had a powerful father who could ruin his life; and making his life "hell" at *WC.*

129.    When Plaintiff informed defendant *BROWN* that he did not want to engage in sexual conduct with her, defendant *BROWN* retaliated against him. Defendant *BROWN* stated that she would falsify reports that plaintiff sexually assaulted her and stated that no one would believe Plaintiff because he was a criminal and an inmate. Defendant *BROWN* also informed

Plaintiff that she would testify against him to discredit any complaint and/or grievances he filed against her as to the sexual conduct.

130.    Plaintiff wanted to report defendant **BROWN** but was in fear of his safety and life.

131.    Plaintiff engaged in constitutionally protected conduct.

132.    Defendant **BROWN** retaliated against plaintiff for engaging in protected conduct.

133.    As a result, Plaintiffs First Amendment right was violated, and he suffered injuries.

<u>**AS AND FOR A EIGHTH CAUSE OF ACTION**</u>
*(Monell)*

134.    Plaintiff repeats and realleges each allegation contained in paragraphs numbered "1" through "73" of the complaint, as if the same were set forth more fully and at length herein.

135.    Plaintiff seeks to hold the defendants, **WC, DOC** and **COMMISSIONER,** jointly and severally, liable under the theory of Municipal Liability. Defendants, **WC, DOC** and **COMMISSIONER,** jointly and severally, failure to enact a policy or to turn a blind-eye to the existence of a policy and custom, the defendants, **WC, DOC, COMMISSIONER** and **CAPTAIN JD1,** jointly and severally, deliberate indifference to the training of its employees, the lack of supervision and the failure to enact safeguards or a complaint procedure was the causal connection that violated plaintiff's constitutional rights. The policy, practice or custom outlined here were not formally adopted but had the effect of being one.

a.    <u>**Existence of a Policy and Custom**</u>

The policy complained of here was pronounced or tacit and reflected in either action or inaction.

21

(i)    Defendant **BROWN** had keys to rooms and access to the entire **DOC** facility. Upon information and belief, Defendant **BROWN** had a sexual relationship with at least one (1) other inmate in addition to plaintiff and was allowed to continue employment after her sexual encounter with another inmate. Defendant **BROWN** was not disciplined for her conduct. Defendant **BROWN's** behavior towards Plaintiff, specifically her targeting him for sexual conduct, was open and obvious to defendants, **WC, DOC, COMMISSIONER, CCS** and **CAPTAIN JD1,** jointly and severally, and their personnel, but nothing was done to further prevent or stop said violations against Plaintiff by defendant **BROWN.**

(ii)    Employees at **DOC** and **CCS** made numerous complaints to their superiors about defendant **BROWN's** inappropriate and criminal conduct with male inmates. Defendant **BROWN's** misconduct was reported to supervisors at **DOC** and **CCS,** but she was never disciplined. On many occasions, Defendant **BROWN** would threaten Plaintiff that if he ever stated that he did not want to engage in this sexual conduct with her, that no one would believe him because he is a criminal and an inmate. There were no policies in place to prevent an individual like Defendant **BROWN** to be separate and alone from male inmates without supervision or video monitoring to prevent nefarious and criminal activities between staff and male inmates from taking place.

(iii)   Defendant **COMMISSIONER** was/is a Commissioner at **DOC.** During the period of August 2017 to October 13, 2017, defendant **COMMISONER** was fully aware of the misconduct taking place at **DOC** but failed to take any action. Defendant **COMMISSIONER** received reports from other defendant **DOC** correctional

22

personnel who witnessed Defendant ***BROWN's*** conduct between herself and Plaintiff. Defendant ***COMMISSIONER*** did nothing.

(iv)     Defendant ***CAPTAIN JD1*** was/is a Captain at **DOC.** During the period of August 2017 to October 13, 2017, defendant ***CAPTAIN JD1*** was fully aware of the misconduct taking place at **DOC** but failed to take any action. Defendant ***CAPTAIN JD1*** received reports from other defendant ***DOC*** correctional personnel who witnessed Defendant ***BROWN's*** conduct between herself and Plaintiff. Defendant ***CAPTAIN JD1*** did nothing.

(v)      Defendant ***CCS*** was/is a medical services provider at **DOC.** During the period of August 2017 to October 13, 2017, defendant ***CCS*** was fully aware of the misconduct taking place at **DOC** but failed to take any action. Defendant ***CCS*** received reports from other defendant ***CCS*** medical personnel who witnessed Defendant ***BROWN's*** conduct between herself and Plaintiff. Defendant ***CCS*** did nothing.

(vi)     Defendant ***BROWN*** was employed by defendants ***WC, DOC, COMMISSIONER*** and ***CCS,*** jointly and severally, at all times relevant to the allegations in this Complaint. Defendant ***BROWN*** sexually assaulted and raped Plaintiff twice between August 2017 to October 13, 2017.

(vii)    Defendants, ***COMMISSIONER, DOC, CAPTAIN JD1, WC*** and ***CCS,*** jointly and severally, were aware of the situation at **DOC** but failed to do anything to further prevent or stop the condition(s). When defendants, ***DOC*** and ***CCS,*** jointly and severally, employees would come to defendants, ***COMMISSIONER, DOC,***

*CAPTAIN JD1, WC* and *CCS,* jointly and severally, and voice concerns, defendants, jointly and severally, refused to take any actions.

(viii)    Upon information and belief, Defendant *BROWN* previously had problems at defendants *DOC* and *CCS* and nothing was done due to said problems. Nevertheless, defendant *BROWN* was left unsupervised to continue the same conduct; specifically, sexual conduct between herself and male inmates. Defendants, *COMMISSIONER, DOC, CAPTAIN JD1, WC* and *CCS,* jointly and severally, conduct of ignoring misconduct continued at *DOC.* Defendants, *COMMISSIONER, DOC, CAPTAIN JD1, WC* and *CCS,* jointly and severally, would ignore improper conduct and never disciplined defendant *BROWN.*

(ix)    Defendants, *COMMISSIONER, DOC, CAPTAIN JD1, WC* and *CCS,* jointly and severally, were aware of this widespread custom outlined in the foregoing and failed to take any corrective action and resulted in a *defacto* policy that the misconduct could be tolerated, otherwise swept under the rug or ignored.

The foregoing policy and custom by the defendants, *COMMISSIONER, DOC, CAPTAIN JD1, WC* and *CCS,* jointly and severally, employees became an ongoing problem and regular course of business at *DOC* which led to the constitutional violations and deprivations of plaintiff.

b.    **Failure to Train**

(i)    The conduct outlined in this complaint constituted a pattern and custom that has existed at *DOC* for more than a decade.

(ii)     The long-term knowledge of numerous allegations of employee misconduct and/or indiscretions put defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, on notice of the conditions at **DOC.**

(iii)    Despite the long-term knowledge of numerous allegations of employee misconduct and/or discretions, defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, failed to implement training procedures for the staff at **DOC** to ensure that the employees were adequately equipped to deal with situations (as outlined in the complaint) in a lawful and proper manner.

(iv)    The only training that was provided to the staff at **DOC** during the time plaintiff and other male inmates were being sexually exploited was in form of how to physically "restrain" inmates. There was no formal training on prohibiting, identifying and reporting sexual conduct with inmates. Nor were there any training instructions or manuals on "non-touching," fraternizing between opposite sex inmates or on what to do in the event an employee observed any sexual misconduct.

(v)     Defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, failed to offer any training to the defendants, **DOC** and **CCS,** jointly and severally, staff about how to interact with male inmates who have troubled and vulnerable backgrounds and how to not exploit those vulnerabilities.

(vi)    Given the known frequency of the staff on inmate assaults and indiscretions taking place between defendants, **DOC** and **CCS,** jointly and severally, medical staff with male inmates, defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, should have had some form of training in

place for the employees to handle a situation involving sexual and predatory conduct by defendants, **DOC** and **CCS,** jointly and severally, staff upon inmates. There was no training about what to do if there were any incidents as alleged in this complaint. Due to the lack of training on the law through employee handbooks, memos, pamphlets, videos, field-training, courses and other training materials, the defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, were and are deliberately indifferent to the "highly predictable consequence," specifically, violations of constitutional rights of individuals like plaintiff.

c.      **Failure to Supervise**

(i)      At all relevant times, Defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, were supervisors.

(ii)     The above-mentioned supervisors had a duty to supervise their subordinates and ensure that nothing nefarious, untoward or unconstitutional behavior or actions were taking place at **DOC.**

(iii)    However, these supervisors turned a blind-eye and failed to remedy said unconstitutional conduct resulting in deprivation and violation of the constitutional rights of plaintiff as alleged in the complaint.

(iv)     The above stated gross negligence and indifference by the supervisors at **DOC** and **CCS** created an atmosphere that permitted malfeasance amongst employees, low morale for conscientious employees and engendered an area where wrongdoers got away unpunished and the conscientious employees and vulnerable inmates were either punished or suffered further retaliation.

26

(v)    The supervisors' deliberate indifference in supervising their employees resulted in violation of plaintiff's constitutional rights and he suffered physical and psychological injuries.

d.    **Failure to Enact Safeguards or a Formal Complaint Procedure**

(i)    Defendants, *COMMISSIONER, DOC, CAPTAIN JD1, WC* and *CCS,* jointly and severally, lack of implementation of a complaint/grievance procedure when such implementation had been clearly warranted, and an utter disregard to the Constitution, the defendants, *COMMISSIONER, DOC, CAPTAIN JD1, WC* and *CCS,* jointly and severally, were deliberately indifferent to the rights of individuals like Plaintiff.

(ii)    Defendants, *COMMISSIONER, DOC, CAPTAIN JD1, WC* and *CCS,* jointly and severally, are and were aware that an employee at defendants, **DOC** and **CCS,** jointly and severally, would encounter situations such as those described in this complaint and would be forced to make difficult decisions as to whether to report the incident or to turn a blind eye to the misconduct. Despite having said knowledge and notice, defendants, *COMMISSIONER, DOC, CAPTAIN JD1, WC* and *CCS,* jointly and severally, were deliberately indifferent in failing to set measures into place to avoid wrongful choice/conduct by the employee that would lead to the violation of the constitutional rights of individuals like plaintiff resulting in a *de facto* policy with the full force of the law and the defendants, *COMMISSIONER, DOC, CAPTAIN JD1, WC* and *CCS,* jointly and severally, incorrectly assume that their employees would exercise common sense even

though they were not trained to confront and adequately address these specific types of misconduct.

(iii)    Defendants **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, have failed to take any action to have training in place for their employees, such as defendant **BROWN,** as to how to handle situations as outlined in this complaint. This lack of action and formal training by the defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, has led their employees to be ill-equipped to adequately address the conditions faced by plaintiff and other inmates similarly situated and thus resulting in constitutional violations.

(iv)    The inadequacy or lack of training by the defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, for its defendant **DOC** and **CCS** employees, specifically defendant **BROWN,** has directly caused the constitutional violations and injuries to plaintiff.

(v)    In addition, defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, failure to enact a complaint procedure for inmates and innocent employees (who had not engaged in said conduct) that would hold wrongdoers accountable for their actions or inactions, caused individuals, like plaintiff, to be physically, mentally and sexually abused by defendants employees who turn a blind eye to the unlawful and despicable conduct. The incidents complained of by plaintiff are not isolated incidents, but a pattern and custom that is widespread at defendants, **DOC** and **CCS,** jointly and severally.

28

(vi)   This lack of accountability further empowers individuals like defendants to continue to engage in unlawful conduct knowing that they would walk away with impunity while at the same time causing constitutional injuries to individuals like plaintiff.

(x)   Defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, should have been aware that prisoner abuse in its prison system is rampant and male inmates are among the most vulnerable and that there was a need for defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, to set up programs so that inmates have an opportunity to make a complaint against the prison custodians and medical staff who have power and control over them. However, defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, failed to enact any of such programs or policies and as a result, individuals like plaintiff or innocent employees' complaints were unheard and inmates continued to suffer harm.

105.   Due to defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, policies, the custom and practice or the lack of the defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, to implement (a) meaningful training materials, (b) adequate disciplinary measures, (c) additional supervision, (d) adequate hiring and retention procedures, (e) complaint/grievance procedure when such implementation has been clearly warranted, and an utter disregard to the Constitution, defendants, **COMMISSIONER, DOC, CAPTAIN JD1, WC** and **CCS,** jointly and severally, have been deliberately indifferent to the rights of its citizens, like plaintiff. The foregoing failure to act or disregard a known occurrence that needed to be rectified, defendants,

29

*COMMISSIONER, DOC, CAPTAIN JD1, WC* and *CCS,* jointly and severally, instead turned a

blind-eye to these unconstitutional practices and was the proximate cause of the injuries suffered

by plaintiff.

    *WHEREFORE*, plaintiff, *BENJAMIN RICHARDSON,* demands judgment as follows:

    A.   Award of compensatory damages to plaintiff against the defendants, jointly and

severally, in the amount determined by the jury for each cause of action.

    B.   Award the costs and expenses of this action to the Plaintiff.

    C.   Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. § 1988 and/or

any other applicable laws.

    D.   Award punitive damages in an amount determined by the jury.

    E.   Award such other and further relief as this Court may deep appropriate.

Dated:  New York, New York
       July 29, 2020

                         **Law Offices of Devon M. Radlin**
                         Attorney for Plaintiff
                         BENJAMIN RICHARDSON
                         112 W 34TH Street- 18th Floor
                         New York, New York 10120
                         Tel No.: (212)406-9200
                         Email: Devon@LawDMR.com

Index No.:                    Year                    RJI No.:                              Hon:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN RICHARDSON,

                            Plaintiff,

        -against-

WESTCHESTER COUNTY, WESTCHESTER COUNTY
DEPARTMENT OF CORRECTION, COMMISSIONER
JOSEPH K. SPANO, CAPTAIN JOHN DOE 1, CORRECT
CARE SOLUTION and NURSE KARA BROWN,

                            Defendants.

---

COMPLAINT

**DEVON M. RADLIN**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**112 W 34th Street- 18th Floor**
**NEW YORK, N.Y. 10120**
**(212) 406-9200**

---

To:                                                   Signature (Rule 130-1.1-a)

_____
Print name beneath                                    Attorney(s) for

---

Service of a copy of the within                       is hereby admitted.
Dated,

_____
                                                      Attorney(s) for

---

Please take notice
ᶦNOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
ᶦNOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                                    on
                                                      Yours, etc.

To:                                                   DEVON M. RADLIN
                                                      Attorney for Plaintiff
Attorney(s) for:                                      **112 W 34th St, 18th Floor**
                                                      **NEW YORK, NY 1012**